UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ABDOUL MOYENGA and EDWIN SANTANA,
Individually and on behalf of all
others similarly situated,

                                Plaintiffs,

                        -against-

WESTCHESTER COUNTY and LEANDRA EUSTACHE,
in her official capacity as Chair/Chief
Executive Officer of the Westchester Taxi and
Limousine Commission,

                            Defendants.
------------------------------------------------------------------------X

**SETTLEMENT**
**AND RELEASE**

22-cv-9603 (KMK)

    **This Settlement, Release, and Non-Disclosure Agreement** is made and entered into this _____ day of June, 2023 by, between and among:

| | |
|---|---|
| "Plaintiffs-Releasors" | <u>Shall Mean</u>: Abdoul Moyenga and Edwin Santana |
| "Defendants-Releasees" | <u>Shall Mean</u>: the County of Westchester, and Leandra Eustache, and any of their past, present, and future officials, employees, agents, heirs, executors, successors, administrators, representatives, attorneys, and assigns, and any individual or entity to whom they would be obligated to provide defense and indemnification, whether previously named or identified in this litigation or not. |

    A.    **WHEREAS,** Plaintiffs-Releasors filed a Summons and Complaint in the United States District Court, Southern District of New York, bearing docket number (22-cv-9603) (hereinafter "the Complaint") on or about November 10, 2022 alleging, among other things, that the Defendants-Releasees violated Plaintiffs-Releasors' constitutional rights at the times referenced in the Complaint by the enforcement of the Westchester County Taxi and Limousine Commission's Vehicle Immobilization Program as applied to for-hire vehicles based on civil penalties owed or summonses unanswered by third parties.

    B.    **WHEREAS,** Defendants-Releasees deny all allegations of wrongdoing.

C.     **WHEREAS**, the parties wish to have the aforesaid lawsuit, including any administrative actions and cases pending or anticipated in the federal or state Court, resolved and/or settled as set forth herein, and Plaintiffs-Releasors have agreed to forebear any claims that he may have individually or otherwise related, as against Defendants-Releasees, as more fully set forth in the following Paragraphs.  The parties have agreed to settle all existing disputes between them arising from the Complaint, including any administrative claims, pursuant to the terms and conditions of the instant Settlement Agreement.  The parties desire to enter into this Settlement Agreement without the expense and burden of further litigation and to provide for certain payment in full settlement and discharge of all claims and allegations with prejudice against the Defendants-Releasees which have been or might be made by reason of the incident described in Recital A above, upon the terms and conditions set forth below.

**Agreement**

       **The parties agree as follows:**

**1.0     Release and Discharge**

    **1.1**     In consideration of the payments set forth in Section 2, Plaintiffs-Releasors hereby completely release and forever discharge the Defendants-Releasees, personally and individually, from all actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, extents, liens, executions, claims, and demands whatsoever, in law, admiralty or equity, which against the Defendants-Releasees, the Plaintiffs-Releasors and their heirs, executors, administrators, successors and assigns ever had, now have, or hereafter can, shall or may have for, upon, or by reason of any matter, cause or thing whatsoever from the beginning of the world to the day of the date of this RELEASE.

    **1.2**     This Settlement Agreement and release on the part of the Plaintiffs-Releasors shall be a fully binding and complete settlement among the parties and their heirs, assigns and successors.

    **1.3**     The Plaintiffs-Releasors acknowledge and agree that the release and discharge set forth above is a general release.  Plaintiffs-Releasors expressly waive and assume the risk of any and all claims for damages that exist as of this date, but of which the Plaintiffs-Releasors do not know or suspect to exist, whether through ignorance, oversight, error, negligence, or otherwise, and which, if known, would materially affect Plaintiffs-Releasors' decision to enter into this Settlement Agreement.  Plaintiffs-Releasors further agree that Plaintiffs-Releasors have accepted payment of the sums specified herein as a complete compromise of matters involving disputed issues of law and fact.  Plaintiffs-Releasors assume the risk that the facts or law may be other than Plaintiffs-Releasors believe.  It is understood and agreed to by the parties that this Settlement Agreement is a compromise of a disputed claim and the payments are not to

be construed as an admission of liability on the part of the Defendants-Releasees, for whom liability is expressly denied.

   **1.4** The Plaintiffs-Releasors hereby discharge and agree to indemnify and save harmless the Defendants-Releasees from any liens asserted by any health care provider, hospital, insurer, or attorney for medical expenses, hospital expenses, lost earnings, payments, attorney liens, subrogation claims or liens, any workers' compensation liens or any other liens as a result of the allegations in the complaint.

   **1.5** Plaintiffs-Releasors will defend, indemnify and hold harmless the Defendants-Releasees against any lien, claim or action arising from the Settlement Agreement or asserted against the settlement proceeds.

   **1.6** Plaintiffs-Releasors will have the sole responsibility to satisfy any lien or claim asserted against the settlement proceed or arising from the Settlement Agreement.

   **1.7** Plaintiffs-Releasors will not prosecute or assert any claim or action against any other person or entity for liability for any acts or omission of the Defendants-Releasees.

   **1.8** Plaintiffs-Releasors warrant that they are unaware of any lien or claim being asserted against the proceeds of this case by Medicare, Medicaid or the Centers for Medicare and Medicaid Services.

   **1.9** Defendants-Releasees warrant that Chapter 270 of the Laws of Westchester County was amended on or about May 2, 2023, deleting certain provisions of the Vehicle Immobilization Program as it relates to immobilization of vehicles due to the base station owners' violations of the Westchester County For-Hire Vehicle Law.

**2.0** **Payments**

   In consideration of the release set forth above, the Defendants-Releasees agree to pay to the Plaintiffs-Releasors the sums outlined below:

   <u>**Payments due at the time of settlement as follows**</u>: Upon the receipt of the fully executed Settlement Agreement, an Internal Revenue Service Form W-9 from Plaintiffs-Releasors' counsel, an Electronic Funds Transfer ("EFT") Waiver Request Form, and a Stipulation of Discontinuance, subject to legislative approval by the appropriate legislative branch, the County of Westchester shall pay to Plaintiffs-Releasors' counsel the sum of fifty thousand ($50,000.00) dollars, inclusive of all expenses, costs, and attorneys' fees, with $13,580.00 of that total amount paid to Plaintiff-Releasor Moyenga and $8,392.00 paid to Plaintiff-Releasor Santana, in full settlement, with prejudice, of their claims against the Defendants-Releasees. This payment to Plaintiffs-Releasors will result in the discontinuance with prejudice of their lawsuit, in its entirety, including any administrative or related suits against the Defendants-Releasees. Plaintiffs-Releasors further agree that they shall not claim to be and

shall not be deemed a "prevailing party" as that term is used in any statute providing for the award of attorney's fees.

### 3.0    Representation of Comprehension of Document

In entering into this Settlement Agreement, the Plaintiffs-Releasors represent that Plaintiffs-Releasors have relied upon the advice of their attorney, who is the attorney of his own choice, concerning the legal consequences of this Settlement Agreement; that the terms of this Settlement Agreement have been completely read and explained to Plaintiffs-Releasors by their attorney; and that the terms of this Settlement Agreement are fully understood and voluntarily accepted by Plaintiffs-Releasors.

### 4.0    Warranty of Capacity to Execute Agreement

Plaintiffs-Releasors represent and warrant that no other person or entity has, has had, or will have, any interest in the claims, or causes of action referred to in this Settlement Agreement, except as otherwise set forth herein; that Plaintiffs-Releasors have the sole right and exclusive authority to execute this Settlement Agreement and receive the sums specified in it; and that Plaintiffs-Releasors have not sold, assigned, transferred conveyed or otherwise disposed of any of the claims, demands, obligations or causes of action referred to in this Settlement Agreement.

### 5.0    Governing Law

This Settlement Agreement shall be construed and interpreted in accordance with the laws of the State of New York.

### 6.0    Additional Documents

All parties agree to cooperate fully and execute any and all supplementary documents and to take all additional actions which may be necessary or appropriate to give full force and effect to the basic terms and intent of this Settlement Agreement, including the Stipulation of Discontinuance.  Simultaneously with the execution of this Settlement Agreement, the parties will execute the Stipulation of Discontinuance, annexed hereto as Exhibit A, dismissing all of the claims asserted against Defendants-Releasees in the Action with prejudice to be filed with and so-ordered by the Court.

### 7.0    Entire Agreement and Successors in Interest

This Settlement Agreement contains the entire agreement between the parties with regard to the matters set forth in it and shall be binding upon and inure to the benefit of the executors, administrators, personal representatives, heirs, successors and assigns of each.

### 8.0    Tax Liability Clause

It is understood between the parties that Plaintiff-Releasors have not relied upon any representation, expressed or implied, made by the Defendants-Releasees as to the tax

consequences of this Settlement Agreement and that Plaintiffs-Releasors shall release the Defendants-Releasees and their representatives from any and all liability in connection with any such tax consequences.

**9.0    Effectiveness**

This Settlement Agreement shall become effective immediately following execution by each of the parties.  However, as set forth above, the settlement is subject to the approval by the appropriate legislative body.

**10.0    Miscellaneous**

If any term of this Settlement Agreement is to any extent illegal, otherwise invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing their intention of such invalid or unenforceable term.  If application of this severability provision should materially and adversely affect the economic substance of the transaction contemplated hereby, the party adversely impacted shall be entitled to compensation for such adverse impact, provided the reason for the invalidity or unenforceability of a term is not due to serious misconduct by the Party seeking such compensation.

This agreement may be executed in counterparts and facsimile and/or digital signatures shall be as effective as originals.

The provisions of this Settlement Agreement may be modified only by a subsequent written agreement signed by both Parties.

**Plaintiff: ABDOUL MOYENGA**

By: _____        Date: _____

**Plaintiff: EDWIN SANTANA**

By: _____        Date: ___06/07/2023___

5

consequences of this Settlement Agreement and that Plaintiffs-Releasors shall release the Defendants-Releasees and their representatives from any and all liability in connection with any such tax consequences.

### 9.0    Effectiveness

This Settlement Agreement shall become effective immediately following execution by each of the parties. However, as set forth above, the settlement is subject to the approval by the appropriate legislative body.

### 10.0    Miscellaneous

If any term of this Settlement Agreement is to any extent illegal, otherwise invalid, or incapable of being enforced, such term shall be excluded to the extent of such invalidity or unenforceability; all other terms hereof shall remain in full force and effect; and to the extent permitted and possible, the invalid or unenforceable term shall be deemed replaced by a term that is valid and enforceable and that comes closest to expressing their intention of such invalid or unenforceable term. If application of this severability provision should materially and adversely affect the economic substance of the transaction contemplated hereby, the party adversely impacted shall be entitled to compensation for such adverse impact, provided the reason for the invalidity or unenforceability of a term is not due to serious misconduct by the Party seeking such compensation.

This agreement may be executed in counterparts and facsimile and/or digital signatures shall be as effective as originals.

The provisions of this Settlement Agreement may be modified only by a subsequent written agreement signed by both Parties.

**Plaintiff: ABDOUL MOYENGA**

By: _____          Date: 6/02/23

**Plaintiff: EDWIN SANTANA**

By: _____          Date: _____

5

**Attorneys for Plaintiffs-Releasors:**
Daniel L. Ackman, Esq.
Law Office of Daniel Ackman
26 Broadway, 8th Floor
New York, NY 10004

By: _____
        Daniel L. Ackman, Esq.


Dated: New York, New York
          June 7, 2023


M. Daniel Bach, Esq.
Law Office of M. Daniel Bach, PLLC
38 West 32nd Street, Suite 1506
New York, NY 10001

By: _____
        M. Daniel Bach, Esq.


Dated: New York, New York
          June 7, 2023

**Attorney for Defendants-Releasees**
JOHN M. NONNA
Westchester County Attorney
148 Martine Avenue, 6th Floor
White Plains, New York 10601

By: _____
        Loren Zeitler
        Associate County Attorney


Dated: White Plains, New York
          June 8, 2023

6